# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-02825 MMM (JCGx) | Date | April 25, 2011 |

| | |
|---|---|
| Title | *Hyung et al. v. Kim et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Re: Lack of Removal Jurisdiction

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2011, plaintiffs Yong K. Hyung, trustee of California US Clothing, Inc., and California US Clothing, Inc. commenced this action in Los Angeles Superior Court against John Chungshin Kim, a California resident; PMC Bancorp, a California corporation with its principal place of business in California; PMC Wealth Management, LLC, a California limited liability company doing business in California; American National Insurance Company, a Texas corporation with its principal place of business in Texas; Lincoln Financial Securities Corporation, a New Hampshire corporation with its principal place of business in New Hampshire; and certain fictitious defendants. PMC Bancorp removed the action to federal court on April 4, 2011.[1]

Plaintiffs allege that defendants are financial consultants who advise individuals and small businesses on investments, *inter alia*, in whole life insurance policies and employee benefit programs. From December 2008 to December 2010, plaintiffs employed defendants to provide financial planning advice. Plaintiffs allegedly told defendants they wanted to structure a defined benefit plan to protect against the possibility that they would be unable to afford large contributions in the future. Plaintiffs assert that they sought flexibility in their plan, e.g., the ability to defer payments, make smaller

---

[1] Notice of Removal, Docket No. 1 (April 4, 2011). PMC Bancorp alleges that it is not aware of any other named defendants who have been served with plaintiff's complaint. (*Id.*, ¶ 2).

contributions, and terminate the plan if necessary. In reliance on defendants' advice, plaintiffs purchased three whole life insurance policies from American and paid approximately $178,084.23 in premiums. Plaintiffs allege they can no longer afford to pay the premiums on the policies they purchased, and that they have been told that the $178,084.23 they have paid will be forfeited if they fail to pay future premiums. Plaintiffs allege state law causes of action for (1) negligence and (2) breach of fiduciary duty. They seek to recover the $178,084.23 in premiums they have paid, as well as general and special damages, and costs of suit.

Defendant removed the action on April 4, 2011, asserting that the court had jurisdiction under section 514 of the Employment Retirement Income Security Act ("ERISA"), which preempts state law claims concerning employee benefit plans. 29 U.S.C. § 1144.

## II. ANALYSIS

### A. Legal Standard Governing Removal Jurisdiction

A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been filed there originally. See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.1987), cert. denied, 484 U.S. 850 (1987) (quoting 28 U.S.C. § 1331). Generally, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint. Thus, removal jurisdiction is lacking even if defendant asserts a defense based exclusively on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The party who brings the suit is master to decide what law he will rely upon"); *Constr. Laborers Vacation Trust*, *supra*, 463 U.S. at 27-28 ("federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *id.* at 10 ("a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law" (emphasis added)); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Hunter v. United Van Lines*, 746 F.2d 635, 641 (9th Cir. 1984), cert. denied, 474 U.S. 863 (1985).

There are, however, exceptions to the "well-pleaded complaint rule" that allow the court to look beyond the face of plaintiff's pleading. Among these is the "artful pleading" doctrine, which provides that a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize the claim and uphold removal. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The "artful pleading" doctrine applies to state claims that are completely preempted by federal law. See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *Sullivan,* 813 F.2d at 1372 ("A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy"). "A state-created cause of action can be deemed to arise under

federal law (1) where federal law completely preempts state law . . . ; [or] (2) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

Under the complete preemption doctrine, a state law cause of action can be transformed into a federal claim by a federal statute whose preemptive force is "extraordinary." See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("[t]he [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. 386); *Gregory v. Sprint Spectrum L.P.*, No: 03-CV-0676 W (POR), 2003 U.S. Dist. LEXIS 10943, * 6 (S.D. Cal. June 13, 2003) ("When a federal claim completely preempts a state claim, 'any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law,'" quoting *Franchise Tax Bd.*, 463 U.S. at 24).

The complete preemption doctrine, however, is narrowly construed. See *Holman*, 994 F.2d at 668 ("The [complete preemption] doctrine does not have wide applicability; it is a narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, *5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)). "[O]nly three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act [LMRA]; (2) claims under the Employment Retirement and Insurance Security Act (ERISA); and (3) certain Indian land grant rights." *Gatton*, 2003 WL 21531085 at * 5; see also *Robinson v. Michigan Consolidated Gas Co. Inc.*, 918 F.2d 579, 585 (9th Cir. 1990) ("complete preemption . . . is extremely limited, existing only where a claim is preempted by [the LMRA]; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by [ERISA]" (internal citations omitted)).

### B. ERISA § 502(a) Preemption

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). Section 502(a) of ERISA, codified at 29 U.S.C. § 1132(a), provides "a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

To effectuate "[t]he purpose of ERISA[, which] is to provide a uniform regulatory regime over employee benefit plans," *Davila*, 542 U.S. at 208 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981), and citing ERISA § 514, 29 U.S.C. § 1144), ERISA includes two preemption

provisions:

Section 502 of ERISA provides for federal jurisdiction over state law claims that fall within the scope of the civil enforcement provisions of ERISA § 502(a). *Gulf Coast Plastic Surgery, Inc. V. Standard Ins. Co.*, 562 F.Supp.2d 760, (E.D. La. 2008). In *Davila*, 542 U.S. 200, the Supreme Court formulated a two-prong test to determine whether a state law cause of action falls within the scope of § 502(a)(1)(B) preemption. It held that a state claim is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id*. This test is conjunctive. *Marin General Hospital v. Modesto & Empire Tracking Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

A contract or tort claim is not completely preempted simply because it "relates to" an ERISA plan. Nor is it preempted because ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of the *Davila* test is whether the complaint relies on a legal duty that arises independently of ERISA. *Marin*, 581 F.3d at 950.

Preemption under ERISA § 514, by contrast, extends to state law claims that "relate to" an employee benefit plan. In determining whether a state law claim relates to an ERISA plan, the court must evaluate whether it "has a connection with or reference to" an employee benefit plan. *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th Cir.1998) (quoting *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 129 (1992)). In making this determination, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004).

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983), the Supreme Court explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id*. at 96-97. The Court has since elaborated that in determining whether a "connection" exists between a state law and an ERISA plan, courts must consider whether the law requires particular benefit structures or imposes administrative burdens on a plan. *New York State Conf. Of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S.645, 658 (1995). A law does not "relate to" an ERISA plan merely because it has indirect economic effects on the plan. *Id*. at 661.

State laws have "reference to" ERISA plans when they "act[ ] immediately and exclusively upon ERISA plans, . . . or where the existence of ERISA plans is essential to the law's operation." *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 325 (1997). State laws have "a connection with" ERISA plans if they regulate the types of benefits provided by ERISA welfare benefit plans, require the establishment of a separate employee benefit plan, impose reporting, disclosure, funding or vesting requirements on ERISA plans, or regulate ERISA relationships such as those between the plan and the employer, or the employer and employee. *Emard*, 153 F.3d at 958 (citing *Operating Engineers*, 135 F.3d at 678; *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1504 (9th Cir. 1993)). If there is neither a "reference to" nor a "connection with" ERISA employee welfare benefit plans, the state law claim is not preempted.

Importantly, only one of ERISA's preemption provisions vests subject matter jurisdiction in the court. A party seeking to remove a state court action based on federal question jurisdiction must show either that the state law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction. If a complaint alleges only state law claims that fall within the ambit of § 502(a), it is converted from "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. V. Taylor*, 481 U.S. 58, 65-66 (1987). If the doctrine of complete preemption does not apply, however, "even if the defendant has a defense of 'conflict preemption' within the meaning of ERISA § 514(a) because the plaintiff's claims 'relate to' an ERISA plan, the district court[is] without subject matter jurisdiction." *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998).

### C.   Whether Plaintiff's Claims are Preempted

In the notice of removal, defendant contends that "[p]laintiff's . . . state law claims . . . implicate significant federal issues under ERISA, and the obligations of a fiduciary set forth therein."[2] They cite section 514 of ERISA, codified at 29 U.S.C. § 1144(a), for the proposition that ERISA preempts state law claims that relate to employee benefit plans.[3] As discussed, § 514 does not provide an independent basis for federal jurisdiction. Defendant does not identify any other basis on which plaintiff's state law claims are preempted.

Defendant appears to assert that plaintiff has "duplicated the elements of a claim available under ERISA, [but] converted the remedy." *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002). That plaintiff's negligence and breach of fiduciary claims duplicate the elements of a claim available under ERISA, however, is not clear either on the face of the complaint or defendant's notice of removal. Because plaintiffs allege only that defendants breached their duty as financial advisors by encouraging plaintiffs to purchase three whole life insurance contracts, the court lacks sufficient information to determine whether ERISA preemption applies. The notice of removal does not allege additional facts and does not identify the ERISA cause of action that PMC Bancorp believes is effectively being pled. Nor does it establish that there is no independent legal duty implicated by defendant's actions. On its face, the complaint "merely asserts a state law claim of professional malpractice and seeks money damages." *Toumajian v. Frailey*, 135 F.3d 648, 656 (9th Cir. 1998). The notice of removal also does not demonstrate that no independent state law duty exists.

Plaintiff alleges no federal causes of action, but rather claims based on state law negligence and breach of fiduciary duty. For all of these reasons, the court is in doubt as to whether plaintiff's claims are preempted by ERISA and whether the court has subject matter jurisdiction to hear this action.

---

[2] Notice of Removal, ¶ 4, Docket No. 1 (Apr. 4, 2011).

[3] *Id*.

## III. CONCLUSION

Accordingly, defendant is ordered to show cause on or before **May 2, 2011**, why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction. Should defendant fail to respond on or before **May 2, 2011**, the court will automatically remand the action. If defendant files a response to the order to show cause, plaintiff may file a response on or before **May 9, 2011**.