# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 11-02825 MMM (JCGx) |
| Date | May 19, 2011 |
| Title | *Hyung et al. v. Kim et al.* |

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order Remanding Action for Lack of Removal Jurisdiction**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2011, plaintiffs Yong K. Hyung, trustee of California US Clothing, Inc., and California US Clothing, Inc. commenced this action in Los Angeles Superior Court against John Chungshin Kim, a California resident; PMC Bancorp, a California corporation with its principal place of business in California; PMC Wealth Management, LLC, a California limited liability company doing business in California; American National Insurance Company, a Texas corporation with its principal place of business in Texas; Lincoln Financial Securities Corporation, a New Hampshire corporation with its principal place of business in New Hampshire; and certain fictitious defendants. PMC Bancorp removed the action to federal court on April 4, 2011.[1]

Plaintiffs allege that defendants are financial consultants who advise individuals and small businesses on investments, *inter alia*, in whole life insurance policies and employee benefit programs. From December 2008 to December 2010, plaintiffs employed defendants to provide financial planning advice. Plaintiffs allegedly told defendants they wanted to structure a defined benefit plan to protect against the possibility that they would be unable to afford large contributions in the future. They assert they sought flexibility in their plan, e.g., the ability to defer payments, make smaller contributions, and terminate the plan if necessary. In reliance on defendants' advice, plaintiffs purchased three whole life insurance policies from American and paid approximately $178,084.23

---

[1] Notice of Removal, Docket No. 1 (April 4, 2011).

in premiums. Plaintiffs contend they can no longer afford to pay the premiums on the policies they purchased, and have been told that the $178,084.23 they have paid will be forfeited if they fail to pay future premiums. Plaintiffs allege state law claims for negligence and breach of fiduciary duty. They seek to recover the $178,084.23 in premiums they have paid, general and special damages, and costs of suit.

Defendant PMC Bancorp removed the action to this court on April 4, 2011, asserting that the court had jurisdiction under section 514 of the Employment Retirement Income Security Act ("ERISA"), which preempts state law claims concerning employee benefit plans. 29 U.S.C. § 1144. On April 25, 2011, the court issued an order to show cause why the action should not be remanded for lack of subject matter jurisdiction.[2] Both plaintiffs and PMC Bancorp filed responses to the order to show cause.[3]

## II. ANALYSIS

### A.   Legal Standard Governing Removal Jurisdiction

A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been filed there originally. See *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). "Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir.1987 ), cert. denied, 484 U.S. 850 (1987) (quoting 28 U.S.C. § 1331). Generally, a claim "arises under" federal law only if a federal question appears on the face of plaintiff's complaint. Thus, removal jurisdiction is lacking even if defendant asserts a defense based exclusively on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The party who brings the suit is master to decide what law he will rely upon"); *Constr. Laborers Vacation Trust*, *supra*, 463 U.S. at 27-28 ("federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"); *id.* at 10 ("a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law" (emphasis added)); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Hunter v. United Van Lines*, 746 F.2d 635, 641 (9th Cir. 1984), cert. denied, 474 U.S. 863 (1985).

There are, however, exceptions to the "well-pleaded complaint rule" that allow the court to look beyond the face of plaintiff's pleading. Among these is the "artful pleading" doctrine, which provides that a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully

---

[2]Order to Show Cause, Docket No. 12 (April 25, 2011).

[3]Defendant's Response, Docket No. 13 (May 2, 2011); Plaintiffs' Response, Docket No. 14 (May 9, 2011).

as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize the claim and uphold removal. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n. 2 (1981); *Schroeder v. TransWorld Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). The "artful pleading" doctrine applies to state claims that are completely preempted by federal law. See *Caterpillar*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"); *Sullivan*, 813 F.2d at 1372 ("A traditional example of the artful pleading doctrine is one in which the defendant has a federal preemption defense to a state claim and federal law provides a remedy"). "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law . . . [or] (2) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

Under the complete preemption doctrine, a state law cause of action can be transformed into a federal claim by a federal statute whose preemptive force is "extraordinary." See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("[t]he [complete preemption] doctrine applies in select cases where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction," citing *Caterpillar*, 482 U.S. 386); *Gregory v. Sprint Spectrum L.P.*, No: 03-CV-0676 W (POR), 2003 U.S. Dist. LEXIS 10943, * 6 (S.D. Cal. June 13, 2003) ("When a federal claim completely preempts a state claim, 'any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law,'" quoting *Franchise Tax Bd.*, 463 U.S. at 24).

The complete preemption doctrine, however, is narrowly construed. See *Holman*, 994 F.2d at 668 ("The [complete preemption] doctrine does not have wide applicability; it is a narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, *5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow," citing *TPS Utilicom Services, Inc. v. AT & T Corp.*, 223 F.Supp.2d 1089, 1097 (C.D. Cal. 2002)). "[O]nly three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act [LMRA]; (2) claims under the Employment Retirement and Insurance Security Act (ERISA); and (3) certain Indian land grant rights." *Gatton*, 2003 WL 21531085 at * 5; see also *Robinson v. Michigan Consolidated Gas Co. Inc.*, 918 F.2d 579, 585 (9th Cir. 1990) ("complete preemption . . . is extremely limited, existing only where a claim is preempted by [the LMRA]; where a state law complaint alleges a present right to possession of Indian tribal lands; and where state tort or contract claims are preempted by [ERISA]" (internal citations omitted)).

**B.    ERISA § 502(a) Preemption**

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit

3

plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting 29 U.S.C. § 1001(b)). Section 502(a) of ERISA, codified at 29 U.S.C. § 1132(a), provides "a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

To effectuate "[t]he purpose of ERISA[, which] is to provide a uniform regulatory regime over employee benefit plans," *Davila*, 542 U.S. at 208 (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981), and citing ERISA § 514, 29 U.S.C. § 1144), ERISA includes two preemption provisions:

Section 502 of ERISA provides for federal jurisdiction over state law claims that fall within the scope of the civil enforcement provisions of ERISA § 502(a). *Gulf Coast Plastic Surgery, Inc. V. Standard Ins. Co.*, 562 F.Supp.2d 760, (E.D. La. 2008). In *Davila*, 542 U.S. 200, the Supreme Court formulated a two-prong test to determine whether a state law cause of action falls within § 502(a)(1)(B) preemption. It held that a state claim is completely preempted if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id.* This test is conjunctive. *Marin General Hospital v. Modesto & Empire Tracking Co.*, 581 F.3d 941, 947 (9th Cir. 2009).

A contract or tort claim is not completely preempted simply because it "relates to" an ERISA plan. Nor is it preempted because ERISA § 502(a)(1)(B) may provide a similar remedy. The question under the second prong of the *Davila* test is whether the complaint relies on a legal duty that arises independently of ERISA. *Marin*, 581 F.3d at 950.

Preemption under ERISA § 514, by contrast, extends to state law claims that "relate to" an employee benefit plan. In determining whether a state law claim relates to an ERISA plan, the court must evaluate whether it "has a connection with or reference to" an employee benefit plan. *Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th Cir.1998) (quoting *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 129 (1992)). In making this determination, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172 (9th Cir. 2004).

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983), the Supreme Court explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Id.* at 96-97. The Court has since elaborated that in determining whether a "connection" exists between a state law and an ERISA plan, courts must consider whether the law requires particular benefit structures or imposes administrative burdens on a plan. *New York*

4

*State Conf. Of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995). A law does not "relate to" an ERISA plan merely because it has indirect economic effects on the plan. *Id.* at 661.

State laws have "reference to" ERISA plans when they "act[ ] immediately and exclusively upon ERISA plans, . . . or where the existence of ERISA plans is essential to the law's operation." *California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 325 (1997). State laws have "a connection with" ERISA plans if they "'encroach[ ] upon ERISA-regulated relationships, . . . such as between plan and plan member, plan and employer, and plan and plan trustee.'" *Brodowy v. Raytheon Co.*, 257 Fed. Appx. 12, 14 (9th Cir. Nov. 9, 2007) (Unpub. Disp) (quoting *Abraham v. Norcal Waste Sys.*, Inc., 265 F.3d 811, 820 (9th Cir. 2001); *Blue Cross v. Anesthesia Care Assocs. Med. Group Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999)). If there is neither a "reference to" nor a "connection with" ERISA employee welfare benefit plans, the state law claim is not preempted.

Importantly, only one of ERISA's preemption provisions vests subject matter jurisdiction in the court. A party seeking to remove a state court action based on federal question jurisdiction must show either that the state law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction. If a complaint alleges only state law claims that fall within the ambit of § 502(a), it is converted from "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. V. Taylor*, 481 U.S. 58, 65-66 (1987). If the doctrine of complete preemption does not apply, however, "even if the defendant has a defense of 'conflict preemption' within the meaning of ERISA § 514(a) because the plaintiff's claims 'relate to' an ERISA plan, the district court[is] without subject matter jurisdiction." *Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998).

### C. Whether Plaintiffs' Claims are Preempted

In its notice of removal, PMC Bancorp contends that "[p]laintiff[s]' . . . state law claims . . . implicate significant federal issues under ERISA, and the obligations of a fiduciary set forth therein."[4] It cites section 514 of ERISA, codified at 29 U.S.C. § 1144(a), for the proposition that ERISA preempts state law claims that relate to employee benefit plans.[5] As discussed, § 514 does not provide an independent basis for federal jurisdiction. PMC Bancorp identifies no other basis on which plaintiffs' state law claims are preempted in the notice of removal. In its response to the court's order to show cause, however, defendant contends that plaintiffs' complaint is completely preempted because plaintiffs could have brought their claims under ERISA § 502 and plaintiffs' claims do not arise out of an independent state law duty, but rather fiduciary duties set forth in ERISA.

---

[4]Notice of Removal, ¶ 4, Docket No. 1 (Apr. 4, 2011).

[5]*Id.*

5

The court disagrees. As the court found in *Fluid Components Int'l v. Corporate Ben. Consultants*, 977 F.Supp. 1046, 1050 (S.D. Cal. 1997), state law claims for professional negligence and breach of fiduciary duty are not preempted by ERISA. The plaintiff in *Fluid Components* filed professional negligence and breach of fiduciary duty claims against defendants, who had been hired to advise them on their defined benefit plan. *Id.* at 1047-48. The *Fluid Components* court found that state claims alleging malpractice by a professional consulting firm hired to advise plaintiff were not preempted by ERISA. *Id.* at 1050 ("In light of present case law, the Court finds that Plaintiff's state law claims for negligence, intentional misrepresentation, negligent misrepresentation, breach of common law fiduciary duty and nondisclosure of known facts are not preempted by ERISA. All of the state claims relate to the alleged malpractice of a third party professional consulting firm hired to advise Plaintiff on the administration of their ERISA plan. Although ERISA preemption is broad enough to encompass most state claims, it is not unlimited in its scope. Where, as here, ERISA does not provide a corresponding remedy for malpractice . . . , it does not appear that Congress intended to foreclose the appropriate state laws of general application created to provide redress for professional negligence").

In *Aloha Airlines*, the Ninth Circuit addressed the preemption of state laws and held that "laws of general application – often traditional exercises of state power or regulatory authority – whose effect on ERISA plans is incidental" are not preempted because they have too remote or a peripheral relationship with ERISA. *Aloha Airlines*, 12 F.3d at 1504.

Courts in the Ninth Circuit, moreover, have followed the lead of the Third and Tenth Circuits, holding that ERISA does not generally preempt state professional negligence claims. See *Airparts Co. v. Custom Ben. Services of Austin*, 28 F.3d 1062 (10th Cir. 1994) ("[I]t is clear that the state law claims here do not relate to an ERISA plan. The state laws involved do not regulate the type of benefits or terms of the plan; they do not create reporting, disclosure, funding or vesting requirements for the plan; they do not affect the calculation of benefits; and they are not common law rules designed to rectify faulty plan administration. . . . [S]tate laws of negligence, indemnity, and fraud are 'laws of general application – not specifically targeting ERISA plans – that involve traditional areas of state regulation and do not affect 'relations among the principal ERISA entities'" (citation omitted)); *Painters of Phil. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1152-53 (3d Cir. 1989) ("[S]tate law has traditionally prescribed the standards of professional liability and, in the absence of clear indicia in the act or legislative history, we are reluctant to ascribe to Congress an intention to intrude in this area").

In *Hanovi Corp. v. San Francisco Pension Corp.*, No. C-93-2822 MHP, 1993 WL 548809, *2-4 (N.D. Cal. 1993), plaintiffs brought a professional negligence action against consultants hired to advise them on their ERISA-governed defined benefit pension plan. As in *Airparts* and *Painters*, the court held that state negligence law, employed by plaintiffs to state a claim for professional malpractice, did not "relate to" the Plan so as to compel preemption of the claim by ERISA. The court held that state negligence law did not affect the parties in their ERISA capacity but only in the way that it affects all other professionals and their clients. The court reasoned that since the "action

[was one] for simple malpractice brought by a client against its consultant[,] there [was] no federal interest at stake to justify th[e] court's continued control of the action." *Id.* at *3; see also, *Zandi-Dulabi v. Pacific Retirement Plans, Inc.*, 828 F.Supp. 760, 763-64 (N.D. Cal. 1993); *Bourns, Inc. v. KPMG Peat Marwick*, 876 F.Supp.1116, 1122 (C.D. Cal.1994).

In this case, the complaint alleges professional negligence and breach of fiduciary duty by financial advisers who were hired to advise plaintiffs on the defined benefit plan for a family-run business.[6] As the Ninth Circuit held in *Toumajian*, "the complaint merely asserts a state law claim of professional malpractice and seeks money damages." *Toumajian*, 135 F.3d at 656. Plaintiff alleges no federal causes of action, but rather claims based on state law negligence and breach of fiduciary duty. For these reasons, the court concludes that it does not have subject matter jurisdiction to hear the action.[7]

---

[6]Complaint, ¶¶ 13, 18.

[7]Plaintiffs further note that defendant PMC Bancorp's notice of removal is procedurally deficient because defendants American National Insurance Company and Lincoln Financial Securities Corporation did not join in the removal. Parties seeking to remove must comply with certain procedural mandates. 28 U.S.C. § 1446(a) provides that a defendant or defendants "desiring to remove any civil action . . . shall file in the district court . . . a pending notice of removal." This notice must be filed within thirty days following service of the summons and complaint. 28 U.S.C. § 1446(b); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). "All defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citations omitted). "Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective." *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal 1994); see *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 & n.4 (9th Cir. 1999) (noting that a procedural defect may have been present where one defendant did not join in filing), superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants).

Here, all defendants failed to join in the notice of removal within thirty days of service of the summons and complaint. In the Ninth Circuit, "one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient" to satisfy the requirement that all defendants join. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). The notice of removal in this case stated that none of the other defendants had been served. Plaintiffs have proffered proofs of services, however, showing that two other defendants, American National Insurance Company and Lincoln Financial Securities Corporation, were served on March 10 and March 24, 2011, respectively, two weeks before PMC Bancorp removed the action. Neither has filed a notice of joinder or made any appearance in this court. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc.*, 167 F.3d at 1266. Under *Proctor* and *Prize Frize*, PMC Bancorp's failure to ensure that these two defendants joined its notice of removal constitutes a clear procedural defect. See 28 U.S.C. §

## III. CONCLUSION

For the reasons stated, the court directs the clerk to remand this action to Los Angeles Superior Court forthwith.

---

1446(a). Because plaintiffs failed to raise this argument until May 9, 2011, thirty-five days after removal of the action, they waived the right to object to this procedural defect in removal. The court, therefore, cannot remand on this basis.